**In re Richard R. BURROUGHS.**

**No. 09–06–304 CV.**

Court of Appeals of Texas, Beaumont.

Submitted July 31, 2006.

Delivered Sept. 21, 2006.

Richard R. Burroughs, Cleveland, pro se.

Elliott M. Cin, Law Office of Elliott M. Cin, Houston, for real party in interest.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

PER CURIAM.

Relator, Richard R. Burroughs, attorney of record for a non-party fact witness to

the underlying lawsuit, seeks a writ of mandamus compelling the trial court to vacate its order compelling Burroughs to appear for a deposition and produce certain documents. We hold the trial court abused its discretion in ordering the oral deposition of the attorney on the subject matter of the litigation without first requiring a showing that less intrusive discovery methods were unavailable to obtain the information sought. *See In re Baptist Hosps. of S.E. Tex.*, 172 S.W.3d 136, 145 (Tex.App.-Beaumont 2005, no pet.). We conditionally grant the writ.

Burroughs represented Donna Biehle in the recovery of personal injury and property damages she suffered as a result of a head-on collision with a vehicle driven by Eleanor Lawson, the real party in interest. Lawson collided with Biehle allegedly in an effort to avoid hitting a vehicle driven by Elbert Doyle Todd. State Farm, who insured Lawson and Todd, settled Biehle's claims against both insureds without the necessity of filing suit.

Lawson brought suit against Todd for negligence and Biehle, a non-party to the suit, was deposed as a fact witness. In her deposition, Biehle expressed her opinion that Todd was not at fault in the accident. On cross-examination, Biehle admitted that she made a claim against Todd's insurance company and the insurance company compensated her for her injuries. To impeach Biehle's testimony regarding Todd's lack of liability in the accident, Lawson sought information regarding statements Burroughs made to State Farm concerning his legal theory of Todd's liability by filing a notice of intention to take Burroughs's oral deposition with subpoena duces tecum. Lawson requested that Burroughs furnish copies of demand letters he sent to State Farm on behalf of his client, copies of any settlement checks, releases, photographs and video tapes de-picting the scene of the accident, and correspondence between Burroughs and State Farm. Burroughs filed a motion to quash the notice of deposition with subpoena duces tecum. After a hearing, the trial court denied the motion to quash and ordered that Burroughs make himself available for deposition and furnish the requested documents. The trial court's amended order does not specify the areas of questions to be permitted of Burroughs. Burroughs brings this writ of mandamus to vacate the court's order.

■■■ Mandamus will issue to correct an abuse of discretion if there is no other adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). The trial court's failure " 'to analyze or apply the law correctly will constitute an abuse of discretion ....' " *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex.2004) (orig.proceeding) (quoting *Walker*, 827 S.W.2d at 839). When a trial court orders disclosure of privileged information, the aggrieved party lacks an adequate remedy by appeal and mandamus will lie. *See Huie v. DeShazo*, 922 S.W.2d 920, 928 (Tex.1996) (orig.proceeding) (citing *Walker*, 827 S.W.2d at 843).

In this case, Lawson sought to impeach Biehle's deposition testimony regarding her opinion of Todd's lack of fault in the accident "by establishing the statements that her attorney made and the actions he took on her behalf to obtain her compensation from Mr. Todd's insurance carrier." Lawson made no showing that less intrusive discovery methods were unavailable to obtain the discovery sought. The trial court's order compelling Burroughs to present himself for the oral deposition contained no limitation as to subject matter and failed to protect against disclosure of attorney work product.

As we have recently noted, compelling a deposition of an opposing party's attorney of record concerning the subject matter of the litigation is generally inappropriate, as work product concerns are implicated. *See In re Baptist Hosps.*, 172 S.W.3d at 140. The Texas Rules of Civil Procedure protect work product from discovery and distinguish between core work product and non-core product. Tex.R. Civ. P. 192.5(b). "Core work product, which is not discoverable, is defined as the work product of an attorney, or his representative, that contains the attorney's mental impressions, opinions, conclusions, or legal theories." *In re Baptist Hosps.*, 172 S.W.3d at 141 (citing Tex.R. Civ. P. 192.5(b)(1)). "If a court orders the discovery of non-core work product pursuant to Rule 192.5(b)(2), the court 'must—insofar as possible—protect against disclosure of the mental impressions, opinions, conclusions, or legal theories not otherwise discoverable.'" *Id.* (quoting Tex.R. Civ. P. 192.5(b)(4)). As further noted in *In re Baptist Hosps.*:

> Work product that does not fall within "core work product" may be discoverable, but "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means."

*Id.* (quoting Tex.R. Civ. P. 192.5(b)(2)). Significantly, for our purposes, we further observe that the work product privilege is of continuing duration. *See Humphreys v. Caldwell*, 888 S.W.2d 469, 471, (Tex.1994). Therefore, we find it appropriate to extend our holding in *In re Baptist Hosps.* to the facts and circumstances here. Thus, consistent with In re Baptist Hosps. and the Texas Rule of Civil Procedure, a showing of "substantial need" and "undue hardship" must be initially proven. Thereafter, the scope of the questioning permitted must be specified and a protective order entered so as to guard against disclosure of any core work product or other privileged information. *See In re Baptist Hosps.*, 172 S.W.3d at 145–46 (citing Tex.R. Civ. P. 192.5(b)(4)). In the instant case, there was apparently no attempt to restrict the scope of Burroughs' deposition or the materials he was to produce. Thus, under the facts and circumstances presented, the trial court abused its discretion in ordering Burroughs' deposition.

Burroughs argues that certain material he was ordered to produce, such as copies of demand letters he sent to State Farm on behalf of his client, copies of settlement checks and releases, photographs and videotapes depicting the scene of the accident, and his correspondence with the insurance company are shielded from production by attorney-client privilege. Documents that have been disclosed to third parties are generally not confidential communications within the meaning of the attorney-client privilege. *See* Tex.R. Evid. 503(a)(5). We find only that the real party in interest has not shown she is entitled to production of such items via the method she sought— oral deposition. "Written discovery requests may be less intrusive [than oral depositions] because they do not require an attorney to make an immediate decision on whether a question involves work product or attorney-client privilege ...." *In re Baptist Hosps.*, 172 S.W.3d at 145; *see generally* Tex.R. Civ. P. 205. We conditionally grant mandamus relief and will issue the writ only if the trial court does not vacate its amended order of June 13, 2006.

**WRIT CONDITIONALLY GRANTED.**