ACCEPTED
15-25-00101-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/12/2025 7:58 PM
CHRISTOPHER A. PRINE
CLERK

**NO. 15-25-00101-CV**

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/12/2025 7:58:57 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH DISTRICT COURT OF APPEALS
FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

**In re M. Brett Cooper, M.D.,**
*Relator*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas
Cause No. 493-08026-2024
The Honorable Judge Christine A. Nowak, Presiding

**Brief of Nonparty Cooper Patient No. 15 as *Amicus Curiae*
in Support of Relator**

Jervonne D. Newsome (Lead Counsel)
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931
tdnguyen@winston.com
Jonathan Hung
Texas Bar No. 24143033
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
Texas Bar No. 24116670
edlewis@winston.com
Olivia A. Wogon
Texas Bar No. 24137299
owogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

**ATTORNEYS FOR NONPARTY PATIENT NO. 15**

**TABLE OF CONTENTS**

                                                                        **Page**

I.     INTRODUCTION ................................................................................1

II.    ARGUMENT......................................................................................2

       A.      Judicial efficiency supports staying Patient 15's deposition pending jurisdictional discovery and a ruling on Dr. Cooper's Plea. ................................................................................................2

              1.      It is implausible that Patient 15's deposition is jurisdictional because Patient 15 lacks personal knowledge of facts relevant to Dr. Cooper's sovereign immunity. ...............3

              2.      A deposition of Patient 15 on the merits would be mooted if Dr. Cooper's Plea is later granted.............................................5

       B.      The sensitive and privileged nature of the testimony sought supports staying Patient 15's deposition pending jurisdictional discovery and a ruling on Dr. Cooper's Plea.........................................6

       C.      The State's contradictory positions on the resolution of the sovereign immunity issue evidence its continued gamesmanship......10

III.   CONCLUSION.................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Burroughs*,
203 S.W.3d 858 (Tex. App.—Beaumont 2006, orig. proceeding)......................9

*In re Christianson Air Conditioning & Plumbing, LLC*,
639 S.W.3d 671 (Tex. 2022) ....................................................................3

*In re Congregation B'Nai Zion of El Paso*,
657 S.W.3d 578 (Tex. App.—El Paso 2022, orig. proceeding)....................3, 5

*Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty.*
*Irrigation Dist. No. 1*,
669 S.W.3d 178 (Tex. 2023) ................................................................5, 6

*Paxton v. Annunciation House, Inc.*,
— S.W.3d —, 2025 WL 1536224 (Tex. 2025) .................................................10

*R.K. v. Ramirez*,
887 S.W.2d 836 (Tex. 1994) ..................................................................7, 8

*In re State*,
No. 15-25-00023-CV, C.R. 426–29 (Tex. App.—Austin [15th
Dist.] Mar. 6, 2025) ..............................................................................10

*In re State*,
No. 15-25-00023-CV, Letter (Tex. App.—Austin [15th Dist.] June
9, 2025) ...............................................................................................10

*Texas Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) .....................................................................5

*Wheeler v. L. Off. of Frank Powell*,
2023 WL 5535670 (Tex. App. Aug. 29, 2023) .............................................3

**Statutes**

Tex. Civ. Prac. & Rem. Code § 101.106(f) ..................................................3

**Other Authorities**

Tex. R. Evid. 509 ..............................................................................................7

Tex. R. Evid. 509(c)..........................................................................................7

Tex. R. Evid. 510 ..............................................................................................7

Tex. R. Evid. 510(b)(l).......................................................................................8

**STATEMENT OF INTEREST OF *AMICUS CURIAE***

Without this Court's intervention, the State will depose Nonparty Cooper Patient No. 15 ("Patient 15") on June 17, 2025, while a jurisdictional challenge is pending in the trial court. Dr. Cooper's Petition for Writ of Mandamus alleges that Patient 15's deposition will be merits-based despite Dr. Cooper's pending Plea to the Jurisdiction asserting sovereign immunity. Patient 15 has an interest in this Petition because any deposition of Patient 15 pending a ruling on Dr. Cooper's jurisdictional challenge is inefficient and needlessly burdensome on all parties involved. The discovery sought also heavily implicates the physician-patient and mental health information privileges, heightening the consequences of any improper ruling with respect to Patient 15's deposition. Patient 15 therefore tenders this brief in support of Relator, Dr. Cooper. Pursuant to Texas Rule of Appellate Procedure 11, this brief has been prepared by undersigned counsel pro bono and no fee has been paid, or will be paid, for its preparation.

# I.    INTRODUCTION

1.    The Collin County Court has pressed forward with Patient 15's oral deposition despite Dr. Cooper's pending Plea to the Jurisdiction ("Dr. Cooper's Plea"). The trial court had ordered that evidence is needed before it is appropriate to assess Dr. Cooper's sovereign immunity defense; the court articulated various categories of jurisdictional discovery. A deposition of a nonparty patient, unsurprisingly, was not one of them.

2.    All the same, Patient 15 has been compelled to attend an oral deposition on June 17, 2025. It would be inefficient and needlessly burdensome to depose Patient 15 while Dr. Cooper's Plea is pending for several reasons. First, any assertion that the deposition would be limited by the jurisdictional dispute strains credulity, as Patient 15 lacks personal knowledge of any facts that would meaningfully contribute to the trial court's sovereign immunity assessment.

3.    Second, a merits-based deposition of Patient 15 would be mooted if Dr. Cooper's Plea is later granted. A merits-based deposition under these circumstances would constitute a gamble of the parties' time, the court's, and Patient 15's. It would also risk court-sanctioned waste, as the State would expend public resources deposing Patient 15 on the merits—resources that would be wasted if Dr. Cooper is entitled to immunity.

1

4. In this gamble, the stakes are high for Patient 15. The testimony sought heavily implicates the physician-patient and mental health information privileges, meaning that Patient 15 may be forced to disclose sensitive and/or privileged information to both the State and Dr. Cooper in a case that may be ultimately dismissed if the Plea is later granted.

5. Finally, the State's contradictory sovereign immunity arguments in this case—including previous demands that its own sovereign immunity assertions be resolved before the Nonparty Patients obtain protection from discovery subpoenas—evidence continued gamesmanship that should not be rewarded. This Court should thus grant Dr. Cooper's Petition and stay Patient 15's deposition until the Collin County Court determines the threshold jurisdictional question.

## II. ARGUMENT

### A. Judicial efficiency supports staying Patient 15's deposition pending jurisdictional discovery and a ruling on Dr. Cooper's Plea.

6. A deposition of Patient 15 before the jurisdictional question is resolved is inefficient and needlessly burdensome. First, it is implausible that Patient 15's deposition would be reasonably tailored to matters relevant to the jurisdictional dispute, as Patient 15 lacks personal knowledge of facts that would meaningfully contribute to the trial court's sovereign immunity assessment. Second, a merits-based deposition of Patient 15 risks court-sanctioned waste of public resources and time if Dr. Cooper's Plea is later granted.

2

**1. It is implausible that Patient 15's deposition is jurisdictional because Patient 15 lacks personal knowledge of facts relevant to Dr. Cooper's sovereign immunity.**

7. Patient 15's testimony is of exceedingly limited use for targeted jurisdictional discovery. Targeted jurisdictional discovery may be appropriate to assess an evidence-based plea to the jurisdiction. *See In re Congregation B'Nai Zion of El Paso*, 657 S.W.3d 578, 584–85 (Tex. App.—El Paso 2022, orig. proceeding). But the Texas Supreme Court "has repeatedly emphasized that discovery may not be used as a fishing expedition," and the requirement that requests be "reasonably tailored to include only matters relevant to the disputed issues *is particularly important in the jurisdictional context*." *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 678 (Tex. 2022) (internal citations omitted) (emphasis added).

8. Here, Dr. Cooper challenged the trial court's subject-matter jurisdiction on the basis of sovereign immunity under Section 101.106(f) of the Texas Tort Claims Act. M.R. 260 (Plea to the Jurisdiction); *see also Wheeler v. L. Off. of Frank Powell*, 2023 WL 5535670, at *4 (Tex. App. Aug. 29, 2023) ("A motion to dismiss filed pursuant to section 101.106(f)—which by its nature raises a claim of governmental immunity—challenges the trial court's subject-matter jurisdiction."). Thus, the "disputed issue" for jurisdictional purposes is whether Dr. Cooper is entitled to sovereign immunity. *See In re Christianson Air Conditioning &*

3

*Plumbing*, 639 S.W.3d at 678. The trial court ordered that evidence is needed before it is appropriate to assess Dr. Cooper's Plea. M.R. 220 (Order Denying Motion to Dismiss). The trial court identified various categories of necessary evidence, none of which included a jurisdictional deposition of a nonparty patient. M.R. 909–10 (May 29, 2025 Hr'g Tr.).

9. This makes sense, as Patient 15 is unlikely to be able to provide the evidence the trial court needs to make its assessment. Patient 15 lacks personal knowledge regarding the contractual and payment agreements between UTSW and Children's. Patient 15 could certainly testify as to whether they saw Dr. Cooper and where any visits occurred, but questioning about the purpose of any visits would prematurely proceed to the merits. The utility of calling a teenage nonparty into the courthouse to ask these questions is dubious—particularly because Dr. Cooper could competently testify to the same matters himself, along with other jurisdictional matters within his realm of personal knowledge to which Patient 15 could not testify.

10. Because Patient 15 lacks personal knowledge relevant to jurisdiction, there is significant risk that Patient 15's deposition will devolve into an impermissible foray into the merits. Patient 15 may also be required to attend *two* depositions, as the trial court suggested during the May 29, 2025 hearing that a second deposition of Patient 15 is "likely" necessary once the merits discovery is more developed. M.R. 948 (May 29 Hr'g Tr.). Staying Patient 15's deposition

4

pending jurisdictional discovery and a ruling on Dr. Cooper's Plea would likely obviate the need for a second deposition of Patient 15, streamlining discovery in the interests of efficiency.

**2. A deposition of Patient 15 on the merits would be mooted if Dr. Cooper's Plea is later granted.**

11. Dr. Cooper's Plea, if granted, would render Dr. Cooper immune from suit in his official capacity—rendering a deposition of Patient 15 on the merits needless and wasteful. It is a "fundamental precept that a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). While a plea to the jurisdiction is pending, a court's allowance of broad discovery into the parties' claims and defenses is a clear abuse of discretion. *See In re Congregation B'Nai Zion of El Paso*, 657 S.W.3d 578, 584–85 (Tex. App.—El Paso, 2022, orig. proceeding) (vacating trial court's order allowing broad discovery "on Plaintiff's claim and Defendant's defenses" before it would reconsider plea to the jurisdiction).

12. Compelling Patient 15's deposition on the merits before the trial court issues a ruling as to Dr. Cooper's Plea would essentially constitute a gamble of not only Patient 15's time, but also the parties' and the court's. It would also risk a court-sanctioned waste of public resources. The doctrine of sovereign immunity exists in part to protect the public fisc from litigation distractions. *See Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Irrigation Dist. No. 1*, 669 S.W.3d 178,

5

183 (Tex. 2023). Staying Patient 15's deposition pending a ruling on Dr. Cooper's Plea safeguards the public fisc by ensuring that the State does not expend its resources questioning Patient 15 on the merits despite the possibility that the defendant is immune from suit—a litigation distraction contemplated by the sovereign immunity doctrine.

13. Finally, the information sought by the State has already been subpoenaed in the form of Patient 15's medical and psychiatric records held by UTSW and Children's. This Court stayed these subpoenas while it considers the trial court's jurisdiction. *See In re Nonparty Patient No. 1, et al.*, Nos. 15-25-00031-CV and 15-25-00032-CV, Order (Tex. App.—Austin [15th Dist.] Apr. 24, 2025) (staying production). The State will likely want to use these documents in a deposition, potentially with Patient 15. Indeed, the trial court itself "raised concerns regarding depositions with no documents." M.R. 952. It makes sense to await guidance from this Court and provide for the production of documents, either through Dallas County or Collin County, before the deposition goes forward. The State has identified no exigency that warrants taking Patient 15's deposition now, when a jurisdictional challenge is pending—particularly considering the likelihood of a second deposition.

**B. The sensitive and privileged nature of the testimony sought supports staying Patient 15's deposition pending jurisdictional discovery and a ruling on Dr. Cooper's Plea.**

14. The discovery sought from Patient 15 heavily implicates the physician-patient and mental health information privileges, heightening the consequences of any improper ruling with respect to Patient 15's deposition.

15. The Texas Rules of Evidence codify longstanding physician-patient and mental health privileges to address the risk of disclosing protected health information. Tex. R. Evid. 509; Tex. R. Evid. 510. These privileges acknowledge that meaningful healthcare requires allowing patients to talk freely with their doctors on sensitive topics without fear of disclosure, or repercussions from the State. *See, e.g.*, *R.K. v. Ramirez*, 887 S.W.2d 836, 840 (Tex. 1994) ("The basis for the privileges is twofold: (1) to encourage the full communication necessary for effective treatment, . . . and (2) to prevent unnecessary disclosure of highly personal information.").

16. Under the physician-patient privilege, "a patient has a privilege to refuse to disclose and to prevent any other person from disclosing: (1) a confidential communication between a physician and the patient that relates to or was made in connection with any professional services the physician rendered the patient; and (2) a record of the patient's identity, diagnosis, evaluation, or treatment created or maintained by a physician." Tex. R. Evid. 509(c). Similarly, under the mental health information privilege, "a patient has a privilege to refuse to disclose and to prevent any other person from disclosing: (A) a confidential communication between the

7

patient and a professional; and (B) a record of the patient's identity, diagnosis, evaluation, or treatment that is created or maintained by a professional." Tex. R. Evid. 510(b)(l).

17. The exception to the physician-patient privilege and mental health information privilege that applies when a party relies on a patient's medical condition (the "patient-litigant exception") is narrow, particularly for nonparty patients. *See R.K.*, 887 S.W.2d at 843. As the Texas Supreme Court has explained, it is not enough that there are allegations in the lawsuit for which a condition of the nonparty patient may be relevant; rather, "[t]he scope of the exception should be tied in a meaningful way to the legal consequences of the claim or defense." *Id*. at 842.

18. In other words, for the patient-litigant exception to apply, discovery must be directed to information about a patient's condition that is "a 'part' of a claim or defense," and "must itself be a fact to which the substantive law assigns significance." *Id*. Generally, this means the discovery must be directed to a condition about which "the jury must make a factual determination." *Id*. at 843. Even then, the exception applies "only to the extent necessary to satisfy the discovery needs of the requesting party" when balanced against the privacy interests of the patients and requires in camera review of each document so that "any information not meeting this standard remains privileged and must be redacted or otherwise protected." *Id*.

8

19.     Where an oral deposition heavily implicates privileged matters, courts have emphasized the availability of less intrusive measures like depositions by written questions. *See In re Burroughs*, 203 S.W.3d 858, 860 (Tex. App.—Beaumont 2006, orig. proceeding) (holding abuse of discretion where trial court ordered oral deposition of nonparty's attorney because party seeking discovery made no showing that less intrusive discovery methods were unavailable to obtain the information).

20.     Here, the State's allegations largely center on Dr. Cooper's purported prescription of medicines, including testosterone, to teenage patients. *See* M.R. 11 (State's Original Petition). Dr. Cooper has asserted various defenses, including the wean exception. Thus, the condition at issue for purposes of the physician-patient and mental health information privilege is gender dysphoria and related treatment using testosterone or puberty blockers.

21.     Given the State's allegations that Dr. Cooper treated Patient 15, an oral deposition of Patient 15 poses an inherent risk of disclosure of Patient 15's protected health information beyond what the Texas Rules of Evidence allow. As a result, the deposition will likely raise contentious privilege disputes, further supporting that proceeding to depose Patient 15 at this stage constitutes an unwarranted burden on Patient 15 and the parties. Stated differently, the trial court's decision to allow Patient 15's deposition to proceed while Dr. Cooper's jurisdictional challenge remains pending poses a significant risk that Patient 15—a teenage nonparty—will be forced

to disclose to the State and Dr. Cooper sensitive and/or privileged information *even if the trial court lacks subject-matter jurisdiction*. Proceeding to depose Patient 15 before a ruling on Dr. Cooper's Plea is therefore an intrusive measure with less intrusive alternatives—namely, staying Patient 15's deposition until Dr. Cooper's jurisdictional question is resolved.

## C. The State's contradictory positions on the resolution of the sovereign immunity issue evidence its continued gamesmanship.

22. Until recently, the State maintained an interlocutory appeal in front of this Court stemming from an appeal to the jurisdiction lodged on the basis of sovereign immunity.[1] *In re State*, No. 15-25-00023-CV, C.R. 426–29 (Tex. App.—Austin [15th Dist.] Mar. 6, 2025) (notice of appeal). At the trial level, the State was so insistent that the sovereign immunity question be answered first that it filed an interlocutory appeal *in the middle of a hearing* and refused to answer further questions regarding the other matters pending in that hearing. *In re State*, No. 15-25-00023-CV, C.R. 430–33 & R.R. 56–57 (Tex. App.—Austin [15th Dist.] Mar. 6, 2025).

---

[1] As the State noted in its letter to this Court dated June 9, 2025, it seeks to withdraw its sovereign immunity arguments pending before this Court in the relevant appeals. *In re State*, No. 15-25-00023-CV, Letter (Tex. App.—Austin [15th Dist.] June 9, 2025). And as the Nonparty Patients noted in their June 12 letters in response, it is not facially clear what the States' reasoning for this is, or how *Paxton v. Annunciation House, Inc.*, — S.W.3d —, 2025 WL 1536224 (Tex. 2025) applies in that instance. There, as here, it appears the State picks up and abandons its positions regarding sovereign immunity as it finds convenient, without regard to consistency.

23. Now, in Collin County, the State argues that the merits of the case *should* be approached before the trial court rules on Dr. Cooper's Plea—whether or not the trial court even has jurisdiction.

24. This Court should not reward the State's ever-shifting litigation positions as they waste the time and resources of the parties, the courts, and the nonparties. This Court should therefore stay the deposition of Patient 15 pending a ruling on Dr. Cooper's Plea in the interests of efficiency, justice, and equity.

## III.  CONCLUSION

25. Deposing Patient 15 pending jurisdictional discovery and a ruling on Dr. Cooper's Plea is inefficient and needlessly burdensome. Patient 15 lacks the personal knowledge necessary for the trial court's sovereign immunity assessment, and any relevant information Patient 15 may have may be obtained from Dr. Cooper himself. Proceeding to question Patient 15—a nonparty—on the merits while Dr. Cooper's Plea remains pending gambles public resources, the court's time, the parties' time, and Patient 15's. Because any deposition of Patient 15 poses a significant risk of disclosing sensitive and privileged information, this gamble has particularly high stakes for Patient 15. This Court should grant Dr. Cooper's Petition and stay Patient 15's deposition until the trial court decides Dr. Cooper's Plea.

DATED: June 12, 2025       Respectfully submitted,

*/s/ William M. Logan*
Jervonne D. Newsome
Texas Bar No. 24094869
Thanh D. Nguyen
Texas Bar No. 2412 6931
Jonathan Hung
Texas Bar No. 24143033
jnewsome@winston.com
tdnguyen@winston.com
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
Evan D. Lewis
Texas Bar No. 2411 6670
Olivia A. Wogon
Texas Bar No. 24137299
wlogan@winston.com
edlewis@winston.com
owogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

**ATTORNEYS FOR NONPARTY
COOPER PATIENT NO. 15**

**CERTIFICATE OF SERVICE**

In compliance with Texas Rule of Appellate Procedure 11(d), I certify that this brief was served on counsel of record for all parties by email on June 12, 2025.

*/s/ William M. Logan*
William M. Logan

**CERTIFICATE OF COMPLIANCE**

In compliance with Texas Rules of Appellate Procedure 9.4(i)(2) and 11(a), this brief contains 2,755 words, excluding the portions of the brief exempted by Rule 9.4(i)(1). This brief was prepared in 14-point, Times New Roman font.

*/s/ William M. Logan*
William M. Logan

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Randi Marks on behalf of William Logan
Bar No. 24106214
rmarks@winston.com
Envelope ID: 101968628
Filing Code Description: Other Brief
Filing Description: Brief of Nonparty Cooper Patient No. 15 as Amicus Curiae in Support of Relator
Status as of 6/13/2025 7:04 AM CST

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Simona Agnolucci | | sagnolucci@willkie.com | 6/12/2025 7:58:57 PM | SENT |
| Barrington Dyer | | bdyer@willkie.com | 6/12/2025 7:58:57 PM | SENT |
| Anika Holland | | aholland@willkie.com | 6/12/2025 7:58:57 PM | SENT |
| Isabella Corbo | | icorbo@willkie.com | 6/12/2025 7:58:57 PM | SENT |
| Zoe Packman | | zpackman@willkie.com | 6/12/2025 7:58:57 PM | SENT |
| Remy Carreiro | | rcarreiro@willkie.com | 6/12/2025 7:58:57 PM | SENT |
| Emma Rodriguez | | erodriguez@willkie.com | 6/12/2025 7:58:57 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |
| David Shatto | | david.shatto@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |
| Martin Cohick | | martin.cohick@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Randi Marks on behalf of William Logan
Bar No. 24106214
rmarks@winston.com
Envelope ID: 101968628
Filing Code Description: Other Brief
Filing Description: Brief of Nonparty Cooper Patient No. 15 as Amicus Curiae in Support of Relator
Status as of 6/13/2025 7:04 AM CST

Case Contacts

| Martin Cohick | | martin.cohick@oag.texas.gov | 6/12/2025 7:58:57 PM | SENT |
|---|---|---|---|---|
| Cory Sutker | | cory.sutker@cooperscully.com | 6/12/2025 7:58:57 PM | SENT |
| Jackie Cooper | | jackie.cooper@cooperscully.com | 6/12/2025 7:58:57 PM | SENT |
| Thanh Nguyen | | tdnguyen@winston.com | 6/12/2025 7:58:57 PM | SENT |